UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JASON NICKOLAS SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:19-cv-02116-JCH |
| | ) | |
| ST. LOUIS COUNTY DEPARTMENT | ) | |
| OF JUSTICE SERVICES, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of plaintiff Jason Nickolas Smith for leave to commence this civil action without prepayment of the required filing fee. (Docket No. 3). Having reviewed the motion and the financial information submitted in support, the Court has determined that plaintiff lacks sufficient funds to pay the entire filing fee, and will assess an initial partial filing fee of $7.40. *See* 28 U.S.C. § 1915(b)(1). Additionally, for the reasons discussed below, the Court will order plaintiff to file an amended complaint.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly

payments to the Clerk of the Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id*.

In support of his motion for leave to proceed in forma pauperis, plaintiff submitted an affidavit and a certified inmate account statement. (Docket No. 4). The inmate account statement shows an average monthly deposit of $37.00. The Court will therefore assess an initial partial filing fee of $7.40, which is 20 percent of plaintiff's average monthly deposit.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal

2

framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

**The Complaint**

Plaintiff is a pro se litigant currently incarcerated at the Cape Girardeau County Jail in Jackson, Missouri. At the time relevant to this complaint, however, he was an inmate at the St. Louis County Justice Center (SLCJC). (Docket No. 1 at 2). He brings this action pursuant to 42 U.S.C. § 1983. Named as defendants are the St. Louis County Department of Justice Services, Unknown Rideout, Unknown Thompson, and Unknown Rhodes. (Docket No. 1 at 2-3). The defendants are sued in their official capacities only.

Plaintiff states that on June 12, 2019, when he was a pretrial detainee at the SLCJC, Correctional Officer Rhodes called him out of his cell while everyone else was locked down. (Docket No. 1 at 3). Officer Rhodes handed plaintiff an open legal letter and told him there was a "present inside." Officer Rhodes also told plaintiff that she wanted to "get mine" upon plaintiff's release. When plaintiff returned to his cell, he discovered that the letter contained "gloves with meth and THC."

On June 14, 2019, a confidential informant alerted correctional officers to what had transpired. Plaintiff's cellmate, along with another inmate, were "taken out first" by correctional officers. Plaintiff then swallowed the gloves containing the methamphetamines and THC. He

3

subsequently failed a drug test and was escorted to segregation. Plaintiff advised the lieutenant that he was dizzy, then passed out and was taken to the hospital.

Plaintiff alleges that he has "nightmares" about the "sexual favors" Officer Rhodes wanted in return for the drugs. (Docket No. 1 at 4). He also states that he is "severely depressed and traumatized from the events" that took place on June 14, 2019.

On June 15, 2019, plaintiff states that Officer Rideout and Officer Thompson picked him up from Barnes Jewish Hospital. He was wheelchaired to a car in front of the hospital, and then helped into the vehicle by Officer Rideout. Plaintiff alleges that Officer Rideout did not place him in a seatbelt.

On the way back to the SLCJC, plaintiff began to feel dizzy again. He further states that his "rectum was burning." When he reached down to touch his rectum, his hand was covered in blood. Officer Rideout instructed Officer Thompson to "turn on [the] lights and head to St. Mary's Hospital." Officer Thompson "took a hard left turn," causing plaintiff to hit his head on the passenger-side window. Plaintiff states that he woke up at St. Mary's hospital. As a result of hitting his head, he claims that he had "a huge knot on [his] C6 vertebrae," "nerve damage or [a] torn tendon under [his] right shoulder blade," a loss of hearing in his right ear, partial vision loss in his right eye, and short blackouts. Plaintiff was seen by a doctor and had a CAT scan that "came back okay."

Plaintiff returned to the SLCJC on June 18, 2019, where he was "received" by medical staff. (Docket No. 1 at 5). He was seen by Dr. Davis on June 20, 2019, and then sent to segregation, "disregarding the 5 day protocol for [him] to stay in the infirmary." Then, on July 6, 2019, Nurse Teriyana gave him another inmate's medication. Nurse Teriyana told the doctor. The doctor never saw plaintiff but told the nurse that plaintiff "would live." Plaintiff alleges that he has not had

4

proper medical treatment while at the SLCJC, and that the medical staff has committed malpractice. As a result of these claims, plaintiff is seeking $1,000,000. (Docket No. 6).

Attached to the complaint are a number of grievances, grievance responses, and grievance appeals, which cover the allegations made in the complaint.[1] (Docket No. 1-2). Subsequently, plaintiff filed a supplement containing more grievance forms, as well as incident reports and a timeline. (Docket No. 6).

**Discussion**

Plaintiff is a pro se litigant who brings this action pursuant to 42 U.S.C. § 1983. He asserts various claims, including sexual harassment, failure to buckle his seatbelt during transport, and inadequate medical care. For the reasons discussed below, plaintiff's complaint is defective and subject to dismissal. However, he will be allowed to file an amended complaint according to the instructions set forth below.

**A. Deficiencies in Complaint**

Plaintiff's complaint is deficient and subject to dismissal because he has not properly stated a claim against any of the defendants. With regard to the claim against the St. Louis County Department of Justice Services, plaintiff's claim fails because it is not a juridical entity, suable as such. *See Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) (stating that West Memphis Police Department and West Memphis Paramedic Services were "simply departments or subdivisions of the City government," and not suable entities); *Owens v. Scott Cty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003) (stating that "county jails are not legal entities amenable to suit"); and *De La Garza v. Kandiyohi Cty. Jail*, 18 Fed. Appx. 436, 437 (8th Cir. 2001) (affirming district court dismissal of county jail and sheriff's department as parties because they are not suable

---

[1] The Court will treat these attachments as part of the pleadings. *See* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is part of the pleading for all purposes").

entities).

Plaintiff's claims against Officer Rhodes, Officer Rideout, and Officer Thompson also fail, because these defendants are sued in their official capacities only. In an official capacity claim against an individual, the claim is actually "against the governmental entity itself." *See White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017). Thus, a "suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). However, plaintiff has not demonstrated the liability of St. Louis County for allegedly violating his constitutional rights. *See Marsh v. Phelps Cty.*, 902 F.3d 745, 751 (8th Cir. 2018) (recognizing "claims challenging an unconstitutional policy or custom, or those based on a theory of inadequate training, which is an extension of the same").

Though he has not specifically named them as defendants in the complaint, plaintiff also presents allegations against SLCJC medical staff, including Dr. Davis and Nurse Teriyana. Because plaintiff does not indicate the capacity in which he is suing Dr. Davis and Nurse Teriyana, it is presumed he is suing them in their official capacities only. *See Baker v. Chisom*, 501 F.3d 920, 923 (8th Cir. 2007). Thus, his suit against them is actually against their employer. *See White*, 865 F.3d at 1075. However, plaintiff has not alleged any facts identifying the employer of Dr. Davis and Nurse Teriyana, much less establishing their employer's constitutional liability.

### B. Order to Amend

Because plaintiff is proceeding pro se, he will be allowed an opportunity to amend his complaint in accordance with the instructions set forth below.

Plaintiff should type or neatly print his amended complaint on the Court's civil rights form, which will be provided to him. *See* E.D. Mo. L.R. 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms"). The Court notes

that plaintiff's handwriting can be difficult to read at times. Thus, if the amended complaint is handwritten, the writing must be legible.

In the "Caption" section of the Court-provided form, plaintiff should clearly name each and every party he is intending to sue. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"). The Court notes that plaintiff attempted to bring claims against parties within the complaint who were not listed in the case caption. **All defendants must be in the case caption**. If there is not enough room in the caption, plaintiff may add additional sheets of paper. Likewise, in the section of the form complaint for "The Defendants," plaintiff must name each and every defendant, their job or title, their employer, and their address. Plaintiff should add additional sheets of paper with this information, if necessary.

Plaintiff should fill out the complaint form in its entirety.

In the "Statement of Claim" section, plaintiff should provide a short and plain statement of the factual allegations supporting his claim. *See* Fed. R. Civ. P. 8(a). Plaintiff should put each claim into a numbered paragraph, and each paragraph should be "limited as far as practicable to a single set of circumstances." *See* Fed. R. Civ. P. 10(b). Thus, plaintiff should begin by writing the defendant's name. In separate, numbered paragraphs under that name, plaintiff should write a short and plain statement of the factual allegations supporting his claim against that specific defendant. If plaintiff is suing more than one defendant, he should follow the same procedure for each defendant.

The amended complaint should only include claims that arise out of the same transaction or occurrence. In other words, plaintiff should only include claims that are related to each other. *See* Fed. R. Civ. P. 20(a)(2). Alternatively, plaintiff may choose a single defendant and set forth as many claims as he has against that defendant. *See* Fed. R. Civ. P. 18(a).

Plaintiff must specify whether he intends to sue each defendant in an official capacity, an individual capacity, or both. The failure to sue a defendant in his or her individual capacity may result in the dismissal of that defendant.

If plaintiff is suing a defendant in an individual capacity, he is required to allege facts demonstrating the personal responsibility of the defendant for harming him. *See Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (stating that § 1983 liability "requires a causal link to, and direct responsibility for, the deprivation of rights"). Furthermore, the Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017).

If plaintiff is suing multiple defendants, it is important that he establish the responsibility of each separate defendant for harming him. That is, for each defendant, plaintiff must allege facts showing how that particular defendant's acts or omissions violated his constitutional rights. It is not enough for plaintiff to make general allegations against all the defendants as a group. Rather, plaintiff needs to provide the role of each named defendant in this case, in order that each specific defendant can receive notice of what he or she is accused of doing. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim").

Plaintiff is warned that the filing of an amended complaint **completely replaces** the original complaint. This means that claims that are not re-alleged in the amended complaint will be deemed abandoned. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supercedes an original complaint and renders the original complaint without legal effect").

After receiving the amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915. Plaintiff's failure to make specific factual allegations against a defendant will result in the dismissal of that defendant. If plaintiff fails to file an amended complaint on a Court-provided form within **thirty days** in accordance with the instructions set forth herein, the Court will dismiss this action without prejudice and without further notice to plaintiff.

### C. Motion to Appoint Counsel

Plaintiff has filed a motion to appoint counsel. (Docket No. 2). In civil cases, a pro se litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). *See also Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) (stating that "[a] pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case"). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim…and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After reviewing these factors, the Court finds that the appointment of counsel is not warranted at this time. Plaintiff has demonstrated, at this point, that he can adequately present his claims to the Court. Moreover, plaintiff is being directed to file an amended complaint. The Court will entertain future motions for appointment of counsel as the case progresses, if appropriate.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket No. 3) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial partial filing fee of $7.40 within **thirty (30) days** of the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel (Docket No. 2) is **DENIED** at this time.

**IT IS FURTHER ORDERED** that the Clerk of Court shall send to plaintiff a copy of the Court's prisoner civil rights complaint form.

**IT IS FURTHER ORDERED** that plaintiff shall have **thirty (30) days** from the date of this order in which to file an amended complaint on the Court-form in accordance with the instructions set forth above.

**IT IS FURTHER ORDERED** that if plaintiff fails to comply with this order, this action will be dismissed without prejudice and without further notice.

**IT IS FURTHER ORDERED** that upon the filing of plaintiff's amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915.

Dated this 17th day of December, 2019.

/s/ Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE