# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | |
|---|---|
| JASON NICKOLAS SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:19-cv-02116-JCH |
| ) | |
| ST. LOUIS COUNTY DEPARTMENT ) | |
| OF JUSTICE SERVICES, et al., ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on its own motion. On December 17, 2019, the Court ordered plaintiff to file an amended complaint. (Docket No. 8). He was also directed to submit an initial partial filing fee of $7.40. He was given thirty days in which to comply with both directives. Plaintiff has not responded. Therefore, for the reasons discussed below, this action will be dismissed without prejudice.

**Background**

Plaintiff is a self-represented litigant who filed a civil action pursuant to 42 U.S.C. § 1983 on July 22, 2019. (Docket No. 1). Along with the complaint, plaintiff also filed a motion for leave to proceed in forma pauperis. (Docket No. 3). The complaint named the St. Louis County Department of Justice Services, Unknown Rideout, Unknown Thompson and Unknown Rhodes as defendants. (Docket No. 1 at 2-3). The defendants were sued in their official capacities only.

In the complaint, plaintiff stated that when he was a pretrial detainee at the St. Louis County Justice Center, he was given methamphetamines and THC by Officer Rhodes, who wanted "sexual favors" in return. (Docket No. 1 at 4). At some point, to avoid being caught with the contraband, plaintiff swallowed the "gloves" holding the drugs, and was taken to the hospital. Officer Rideout

and Officer Thompson picked him up from the hospital, but on the way back to jail, plaintiff began to feel dizzy and bleed from his rectum. The officers hurriedly returned to the hospital, but in the process, plaintiff stated that he hit his head on the window, because he had not been placed in a seatbelt. When he eventually returned to jail, he accused Dr. Davis and Nurse Teriyana of improper medical care. (Docket No. 1 at 5). Plaintiff sought $1,000,000 in damages.

The Court reviewed plaintiff's complaint pursuant to 28 U.S.C. § 1915. (Docket No. 8). Plaintiff's motion to proceed in forma pauperis was granted, and he was assessed an initial partial filing fee. As to his allegations, the Court noted that plaintiff's complaint was deficient and subject to dismissal for failure to state a claim. With regard to the claim against the St. Louis County Department of Justice Services, plaintiff's claim failed because it was not a juridical entity, suable as such. *See Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) (stating that West Memphis Police Department and West Memphis Paramedic Services were "simply departments or subdivisions of the City government," and not suable entities); *Owens v. Scott Cty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003) (stating that "county jails are not legal entities amenable to suit"); and *De La Garza v. Kandiyohi Cty. Jail*, 18 Fed. Appx. 436, 437 (8th Cir. 2001) (affirming district court dismissal of county jail and sheriff's department as parties because they are not suable entities).

Plaintiff's claims against Officer Rhodes, Officer Rideout, and Officer Thompson also failed, because these defendants were sued in their official capacities only. In an official capacity claim against an individual, the claim is actually "against the governmental entity itself." *See White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017). Thus, a "suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). However, plaintiff had not demonstrated the liability of

2

St. Louis County for allegedly violating his constitutional rights. *See Marsh v. Phelps Cty.*, 902 F.3d 745, 751 (8th Cir. 2018) (recognizing "claims challenging an unconstitutional policy or custom, or those based on a theory of inadequate training, which is an extension of the same").

Though he did not specifically name them as defendants in the complaint, plaintiff also presented allegations against St. Louis County Department of Justice Services medical staff, including Dr. Davis and Nurse Teriyana. Because plaintiff did not indicate the capacity in which he was suing Dr. Davis and Nurse Teriyana, it was presumed he was suing them in their official capacities only. *See Baker v. Chisom*, 501 F.3d 920, 923 (8th Cir. 2007). Thus, his suit against them was actually against their employer. *See White*, 865 F.3d at 1075. However, plaintiff did not allege any facts identifying the employer of Dr. Davis and Nurse Teriyana, much less establishing their employer's constitutional liability.

Because plaintiff was proceeding pro se, the Court gave him an opportunity to file an amended complaint. The Court order provided instructions on how to do so. For his convenience, the Court also directed the Clerk of Court to send to him a copy of the Court's prisoner civil rights complaint form. Plaintiff was given thirty days in which to comply. The Court advised him that a failure to submit an amended complaint would result in the dismissal of his case without prejudice and without further notice. Plaintiff was also directed to pay an initial partial filing fee of $7.40 within thirty days.

On January 6, 2020, mail sent to plaintiff was returned as undeliverable. The Clerk of Court could not initially verify a new address, and the mail was not resent. (Docket No. 9). On January 29, 2020, plaintiff provided the Court with a notice of change of address. (Docket No. 10). The Clerk of Court sent plaintiff a copy of the docket sheet. On March 4, 2020, the Clerk of Court resent the Court's order directing plaintiff to file an amended complaint to his new address.

3

**Discussion**

As discussed above, the Court previously ordered plaintiff to submit an amended complaint within thirty days. He was also directed to pay an initial partial filing fee of $7.40. He was warned that failure to comply would result in the dismissal of this action without prejudice and without further notice.

On March 4, 2020, the Court's order was sent to plaintiff at the address he provided in his notice of change of address. Substantially more than thirty days have elapsed since then. Plaintiff, however, has not submitted an amended complaint, or sought additional time in which to respond. Indeed, plaintiff has filed nothing further with the Court since his January 29, 2020 notice of change of address. As a result, the Court will dismiss this action for failure to comply with the Court's order. *See* Fed. R. Civ. P. 41(b); and *Brown v. Frey*, 806 F.2d 801, 803 (8th Cir. 1986) (stating that district court may dismiss a pro se litigant's action for failure to comply with a court order on its own initiative).

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice. *See* Fed. R. Civ. P. 41(b). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

Dated this ___14th___ day of __May__, 2020.

\s\ Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE